**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.    18-cr-389 WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CARMEN SANCHEZ;

2. ANTHONY SANCHEZ;

3. JERAMYAH GONZALEZ, a/k/a JOSEPH PEÑA, a/k/a JOSEPH SANCHEZ;

4. ANDREW SANCHEZ; and

5. SARA SANCHEZ;

    Defendants.

INDICTMENT

MAIL FRAUD
18 U.S.C. § 1341

AGGRAVATED IDENTITY THEFT
18 U.S.C. § 1028A(A)(1)

CONSPIRACY
18 U.S.C. § 371

STUDENT LOAN FRAUD
21 U.S.C. § 1097(A)

The Grand Jury charges:

**Counts 1–6: Mail Fraud**

1. At all times relevant to this indictment, the Department of Education was an agency of the United States government. The Department's responsibilities included overseeing the administration of student assistance programs under Subchapter IV of Ch. 28, Title 20, United States Code. These programs included financial aid programs designed to assist qualified students with paying for college through grants and loans.

2. To qualify for these financial aid programs, students had to, among other things, have a high school diploma, general educational development certificate (GED), or be otherwise qualified on the basis of prior education. Students also were required to certify that any funds they were awarded would be used for authorized educational purposes.

3. Students generally began the process of applying for federal financial aid by completing and submitting the Free Application for Federal Student Aid (FAFSA). The FAFSA requested certain financial information as well as identifying information such as a student's name, date of birth, address, Social Security number, telephone number, and e-mail address. The Department used the information in the FAFSA to determine whether and for how much federal student assistance a student was eligible.

4. The process for disbursing federal financial aid was as follows: the Department would disburse funds directly to the college where a particular student who was awarded aid was enrolled. Once the money was received, the college would apply the funds to tuition, fees, and any other outstanding charges on the student's account. Any money remaining was then "refunded" to the student.

5. Community College of Denver (CCD) and Front Range Community

College (FRCC) were community colleges within the State and District of Colorado that were approved by the Department to participate in federal student assistance programs. These schools used a company called Bank Mobile to distribute aid "refunds." Specifically, the money was placed in an account with Bank Mobile in the student's name. Bank Mobile would then mail a debit card to the student. Through this card, the student could access the "refunded" money.

6. Between in or about May 2010 and continuing through in or about May 2014, Defendants Jeramyah Gonzalez (also known as Joseph Peña or Jeramyah Sanchez), Anthony Sanchez, and Carmen Sanchez devised and intended to devise a scheme to defraud the Department of Education, CCD, and FRCC by obtaining money by means of false and fraudulent pretenses, representations, and promises in connection with applications for financial aid.

7. It was a part of the scheme that these defendants would apply for federal student assistance funds in their own names, as well as counsel and assist others to apply for federal student assistance funds.

8. It was also part of the scheme that these defendants would apply for federal student assistance funds in the names of others. To do so, these defendants would obtain personally identifiable information (PII) regarding those other persons and use that information to enroll those persons in college and apply for federal student aid in those persons' names. Some of those persons' PII was obtained and used without the knowledge or consent of the person involved. For example, Jeramyah Gonzalez and Anthony Sanchez obtained information from employee files at their place of employment and applied for student aid in those unwitting employees' names. Also, Carmen Sanchez used the PII of her elderly mother without her mother's knowledge or consent.

9. In applying for federal student assistance funds, these defendants would make and would counsel others to make materially false representations and promises regarding the applicants' intent to attend educational institutions and intent to use the funds for authorized educational purposes. Also, where the applicant lacked a qualifying educational background these defendants would make and counsel others to make materially false statements and representations regarding the applicant's prior graduation from high school or receipt of a GED.

10. It was a further part of the scheme for these defendants to submit applications containing false information about applicants' mailing addresses, e-mail addresses, and telephone numbers. This false information caused correspondence and other documents and information related to the scheme to be sent to mailing and e-mail addresses which these defendants controlled or to which they had access.

11. Applications were submitted as part of this scheme in the names of fifteen persons:

a. the three defendants charged with mail fraud in this indictment (Jeramyah Gonzalez,[1] Anthony Sanchez, and Carmen Sanchez);

b. the two other defendants named in this indictment but not charged with mail fraud (Andrew Sanchez and Sara Sanchez); and

c. persons with the following initials: T.B., R.G., L.M. #1, J.M., A.M., B.M., L.M. #2, C.S., E.S., S.S.

Student aid was ultimately disbursed in the names of all of these persons except R.G. Eventually, Bank Mobile accounts were created and debit cards were mailed to

---

[1] Applications for Defendant Gonzalez were also submitted under the name Joseph Peña, another name he occasionally uses.

the aforementioned addresses controlled by Defendants Jeramyah Gonzalez, Anthony Sanchez, and Carmen Sanchez. Upon receiving the debit cards, it was part of the scheme that these three defendants and others would then use the funds for their own purposes rather than for authorized educational expenditures. These unauthorized expenditures included elective cosmetic surgery, gambling at casinos, and travel unrelated to the pursuit of any educational objective.

12. Between on or about the dates listed below for each count, in the State and District of Colorado, the defendant listed in each count, having devised and intended to devise the scheme to defraud described above and for the purpose of executing that scheme, caused to be delivered by mail and by a commercial interstate carrier according to the direction thereon a Bank Mobile debit card as listed below for each count.

| *Count* | *Dates* | *Defendant* | *Mailing* |
|---|---|---|---|
| 1 | Aug. 23–29, 2013 | Carmen Sanchez | debit card ending in 0531 for account in the name of E.S. in connection with enrollment at CCD |
| 2 | Aug. 30–Sept. 3, 2013 | Carmen Sanchez | debit card ending in 1013 for account in the name of Andrew Sanchez in connection with enrollment at CCD |
| 3 | Dec. 23, 2013–Jan. 19, 2014 | Anthony Sanchez | debit card ending in 9042 for account in the name of Anthony Sanchez in connection with enrollment at FRCC |

| 4 | Jan. 22–Feb. 12, 2014 | Carmen Sanchez | debit card ending in 5188 for account in the name of Carmen Sanchez in connection with enrollment at FRCC |
| 5 | Feb. 24–Mar. 3, 2014 | Anthony Sanchez | debit card ending in 3743 for account in the name of L.M. #1 in connection with enrollment at FRCC |
| 6 | May 9–22, 2014 | Jeramyah Gonzalez | debit card ending in 7000 for account in the name of T.B. in connection with enrollment at CCD |

The foregoing violated 18 U.S.C. § 1341 (2012).

## Count 7: Aggravated Identity Theft

13. In or about May 2014, in the State and District of Colorado, Defendants Jeramyah Gonzalez, during and in relation to the felony charged in Count 6, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person—to wit, the name, Social Security number, and birthdate of T.B.—in violation of 18 U.S.C. § 1028A(a)(1) (2012).

## Count 8: Conspiracy

14. In or about February 2014, Defendants Andrew Sanchez and Carmen Sanchez did conspire to knowingly and willfully misapply a total of $6450 in funds provided under Subchapter IV of Ch. 28, Title 20, United States Code, an offense against the United States under 20 U.S.C. § 1097(a) (2012). To effect the object of this conspiracy, Andrew and Carmen Sanchez did the following overt acts:

a.  On or about February 19, 2014, they paid $1000 to Lifestyle Lift from a Bank Mobile debit card in the name of E.S.

b.  On or about February 25, 2014, they paid $1450 to Lifestyle Lift from a Bank Mobile debit card in the name of E.S.

c.  On or about February 25, 2014, Andrew Sanchez paid $2000 to Lifestyle Lift from a Bank Mobile debit card in his own name.

d.  On or about February 25, 2014, Carmen Sanchez paid $2000 to Lifestyle Lift from a Bank Mobile debit card in her own name.

The foregoing violated 18 U.S.C. § 371 (2012).

## Counts 9–10: Student Loan Fraud

15. On or about October 8, 2013, in the State and District of Colorado, Defendant Sara Sanchez did knowingly and willfully misapply $706.75 in funds provided under Subchapter IV of Title 20, Ch. 28, United States Code, spending such funds at the Pepsi Center rather than for expenses related to attendance and continued attendance at an institution of higher education, in violation of 20 U.S.C. § 1097(a) (2012).

16. On or about February 21, 2014, in the State and District of Colorado, Defendant Anthony Sanchez did knowingly and willfully misapply $1139.88 in funds provided under Subchapter IV of Title 20, Ch. 28, United States Code, spending such funds at Xtreme Auto Soundz rather than for expenses related to attendance and continued attendance at an institution of higher education, in violation of 20 U.S.C. § 1097(a) (2012).

## Notice of Forfeiture

17. Upon conviction of any of the offenses alleged in Counts 1–6 of this indictment, the defendants charged therein shall forfeit to the United States,

pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, all property constituting or derived from proceeds traceable to the commission of the offense, including but not limited to a money judgment equal to the amount of proceeds obtained by the convicted defendant.

18. If any of the property just described, as a result of any act or omission of the convicted defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 2461(c) (incorporating 21 U.S.C. § 853(p) (2012)), to seek forfeiture of any other property of the convicted defendant up to the value of the forfeitable property described in ¶ 17.

DATED this 21st day of August, 2018.

> A TRUE BILL
>
> <u>Ink signature on file in Clerk's Office</u>
> ***Foreperson***

*Robert C. Troyer*
U.S. Attorney


s/Daniel E. Burrows
*Daniel E. Burrows*
U.S. Attorney's Office
1801 California St.
Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
FAX: (303) 454-0400
E-mail: daniel.burrows@usdoj.gov
Special Assistant U.S. Attorney