## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 18-cr-00389-RBJ

## UNITED STATES OF AMERICA,

     Plaintiff,

v.

## 1. CARMEN SANCHEZ,

     Defendant.

---

## Unopposed Motion to Correct Clerical Error

---

The United States hereby requests, under Fed. R. Crim. P. 36, that the Court correct the Order Setting Conditions of Release with regard to Defendant Carmen Sanchez (ECF No. 22) to add the condition that she avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution. In support thereof, the government states as follows:

1.    The government believes that at the initial appearance and bond hearing for Defendant Carmen Sanchez on August 29, 2018, the magistrate judge imposed a condition that Defendant Carmen Sanchez avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution. Undersigned counsel was not present at this hearing, nor does he possess any recordings or transcripts thereof. Rather, in making this assertion, the government is relying on the recollections of David Tonini, the Assistant U.S. Attorney who handled the hearing for the government, and Pat Hanley, the Probation Office's representative at that hearing.

2.    However, the order setting Defendant Carmen Sanchez's conditions of release contains no such condition. (*See* Order Setting Conditions of Release, Aug. 29, 2018, at 2). This clerical error should be corrected.

3.    Fed. R. Crim. P. 36 allows a court to "correct a clerical error in a[n] . . . order" after giving appropriate notice. While a court may not use Rule 36 to substantively modify an order, the rule is an appropriate vehicle for fixing "a wrongful omission or inclusion" in a written order where the court announced its true intention on the record in open court. *United States v. Kieffer*, 702 F. App'x 734, 738 (10th Cir. 2017) (citing *United States v. Sides*, No. 93-5101, 1994 WL 38640 (10th Cir. Feb. 10, 1994)).

4.    The undersigned contacted Defendant Carmen Sanchez's attorney and was informed that she would have no objection to correcting this error. However, she reserves the right to object to, appeal, or move for modification of this or any other condition consistent with applicable law. Although "[n]otice to the defendant is not . . . strictly required for Rule 36 fixes," *Kieffer*, 702 F. App'x at 737 (citation omitted), the government submits that any notice requirement that exists in this case has been satisfied by government counsel discussing this motion with defense counsel beforehand and obtaining Defendant Carmen Sanchez's position regarding it.

WHEREFORE, the government requests that the Court correct the clerical error in the written order setting Defendant Carmen Sanchez's conditions of release by adding the previously imposed condition that she avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution.

Respectfully submitted this 11th day of September, 2018.

**Robert C. Troyer**
U.S. Attorney


s/ Daniel E. Burrows
**Daniel E. Burrows**
1801 California St.
Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
FAX: (303) 454-0400
E-mail: daniel.burrows@usdoj.gov
Special Assistant U.S. Attorney


CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Colorado by using the CM/ECF system on September 11, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


s/ Daniel E. Burrows
U.S. Attorney's Office
District of Colorado