IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 18-CR-00389-RBJ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.   **CARMEN SANCHEZ**,
2.   ANTHONY SANCHEZ,
3.   JERAMYAH GONZALEZ,
4.   ANDREW SANCHEZ,
5.   SARA SANCHEZ,

       Defendants.

---

**DEFENDANT CARMEN SANCHEZ'S
OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

---

The defendant, Ms. Carmen Sanchez, by and through undersigned counsel, Natalie Stricklin, hereby responds to the Presentence Investigation Report (PSIR) (Doc. No. 128) as follows:

**OBJECTIONS TO SUPERVISED RELEASE CONDITIONS**

Special Condition 6: Ms. Sanchez objects to the special condition of supervised release detailed in paragraph 6. Specifically, Ms. Sanchez is objecting to the condition forbidding her from acting in a fiduciary role for her mother, Ester Sanchez.

Special Condition 7: Ms. Sanchez objects to the special condition of supervised release detailed in paragraph 7. Specifically, Ms. Sanchez is objecting to the condition that she participate in and successfully complete a program of mental health treatment, cognitive behavioral treatment, or treatment to address gambling.

While district courts have broad discretion to prescribe special conditions of release, this discretion is not without limits. These special conditions must satisfy three statutory requirements laid out in 18 U.S.C. § 3583(d). First, they must be reasonably related to at least one of the following: the nature and circumstances of the instant offense, the defendant's history and characteristics, the deterrence of criminal conduct, protecting the public, and the defendant's educational, vocational, medical, or other correctional needs. Second, they must involve no greater deprivation of liberty than necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting rehabilitation of the defendant. Third, they must follow any pertinent policy statements issued by the Sentencing Commission. *See United States v. Dougan*, 684 F.3d 1030, 1034 (10th Cir. 2012).

Ms. Sanchez has never had mental health issues or diagnosis warranting treatment nor does she have criminal history suggesting she suffers from cognitive distortions warranting participation in cognitive behavioral treatment. Therefore, here, the special condition requiring participation in mental health treatment, cognitive behavioral treatment, or treatment to address gambling suggested by probation appears to be based on Ms. Sanchez's having spent of the funds derived from the fraudulent student loan applications at Black Hawk. Further, the probation department determined, which Ms. Sanchez admits, that Ms. Sanchez spent approximately $500 and $200 at Black Hawk on two separate occasions occurring within the last six months. Ms. Sanchez clearly does not suffer from a gambling addiction as defined by the Diagnostic

and Statistical Manual of Mental Disorders, 5th Edition (section 312.31).[1]  Rather, her family tradition is to celebrate events by infrequent trips to Black Hawk.  For example, the trip highlighted by the probation department occurring on December 27, 2018, was in celebration of Ms. Sanchez's birthday, which is December 28th.

       To order any treatment program, absent empirical support warranting it, constitutes a greater deprivation of liberty than is necessary to deter, protect the public, and rehabilitate.

### OTHER OBJECTIONS, RESPONSES, AND CLARIFICATIONS

       1.    Ms. Sanchez objects to the overly broad interpretation of the word "devise" as it appears in the statement of facts in her plea agreement.  For example, in paragraph 23 of the presentence investigation report, the probation department writes, "Carmen was interviewed on two occasions and never admitted to starting the scheme; however, the stipulation of facts within Carmen's Plea Agreement indicates she devised the scheme."  To be clear, Ms. Sanchez has always denied, and continues to deny, that she invented or created this particular scheme.  She did, however, plan the scheme (or

---

[1] The DSM defines a gambling disorder as "persistent and recurrent problematic gambling behavior leading to clinically significant impairment or distress, as indicated by the individual exhibiting four (or more) of the following in a 12 – month period:
a. Needs to gamble with increasing amounts of money in order to achieve the desired excitement.
b.  Is restless or irritable when attempting to cut down or stop gambling.
c. has made repeated unsuccessful efforts to control, cut back, or stop gambling.
d. is often preoccupied with gambling.
e. Often gambles when feeling distressed.
f. After losing money gambling, often returns another to get even.
g. Lies to conceal the extent of involvement with gambling.
h. Has jeopardized or lost a significant relationship, job, or educational or career opportunity because of gambling.
i. Relies on others to provide money to relieve desperate financial situations caused by gambling."  Diagnostic and Statistical Manual, 5th Edition.

devise it) as it relates to her particular circumstances, for example using her mother's name.

2.  In paragraph 81, the probation department writer notes that the Secretary of State has two notary certificates filed for a Carmen Sanchez. Ms. Sanchez clarifies that notary ID 19934010120 is the certificate that belongs to her. She does not know anything about the other ID noted in paragraph 81.

3.  In paragraph 89, the probation department writer lists various assets addressed in Ms. Sanchez's 2014 bankruptcy filing. Ms. Sanchez clarifies that the $160,076.25 of "assets abandoned" represents her prior mortgage payment on the Oswego street home. This mortgage was paid off when the home was sold in 2018.

    Respectfully submitted,

    VIRGINIA L. GRADY
    Federal Public Defender


    s/Natalie Stricklin
    NATALIE STRICKLIN
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    natalie.stricklin@fd.org
    Attorney for Defendant

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 8, 2019, I filed the foregoing ***Defendant Carmen Sanchez's Objections to the Presentence Investigation Report*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address and all counsel of record:

   Daniel E. Burrows, Assistant United States Attorney
   E-mail:  daniel.burrows@usdoj.gov

   I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

   Carmen Sanchez  (via U.S. mail)

               s/Natalie Stricklin
               NATALIE STRICKLIN
               Assistant Federal Public Defender
               633 17th Street, Suite 1000
               Denver, CO  80202
               Telephone:  (303) 294-7002
               FAX:  (303) 294-1192
               natalie.stricklin@fd.org
               Attorney for Defendant