# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 18-cr-00389-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CARMEN SANCHEZ,

    Defendant.

## Motion for Preliminary Order of Forfeiture

    The United States hereby requests that the Court enter, before sentencing, a preliminary order of forfeiture as to Defendant Carmen Sanchez. In support thereof, the government states as follows:

    1.    In August 2018, a grand jury charged Defendant Carmen Sanchez with three counts of mail fraud, in violation of 18 U.S.C. § 1341 (2012) and one count of conspiracy, in violation of 18 U.S.C. § 371 (2012). The indictment also sought forfeiture of all property constituting or derived from proceeds traceable to the commission of any of the mail fraud offenses, including but not limited to a money judgment equal to the amount of the proceeds obtained by Defendant Carmen Sanchez, pursuant to 18 U.S.C. § 981(a)(1)(C) (2012) and 28 U.S.C. § 2461 (2012).

    2.    On February 13, 2019, Defendant Carmen Sanchez pleaded guilty to one count of mail fraud (Count 1) and one count of conspiracy (Count 8), subject to a plea agreement. As part of that plea agreement, she agreed to a forfeiture order in the form of a money judgment for $24,978.95, constituting proceeds from Count 1.

3.     Pursuant to Fed. R. Crim. P. 32.2(b), the Court must determine what property is subject to forfeiture as soon as practicable after a plea of guilty. When a personal money judgment is sought, "the court must determine the amount of money the defendant will be ordered to pay." *Id.*

4.     Once the property is determined to be subject to forfeiture, the Court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment." *Id.* The preliminary order of forfeiture must be entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." *Id.*; *see also United States v. Schwartz*, 503 F. App'x 443, 447 (6th Cir. 2012) (finding error in failure to enter preliminary order of forfeiture and stating such order must be entered before sentencing; *United States v. Shakur*, 691 F.3d 979, 988–89 (8th Cir. 2012) (reversing criminal forfeiture as due process violation where no preliminary order of forfeiture was entered).

5.     The plea agreement between the parties provides ample basis for a forfeiture order under §§ 981(a)(1)(C) and 2461.[1] As set forth in the agreement, Defendant Carmen Sanchez devised a scheme whereby she could receive student aid money without any substantial attempt to actually attend school. She enrolled herself at an educational institution with open enrollment, applied for financial aid

---

[1] Pursuant to those statutory provisions, the Court must order criminal forfeiture of all property constituting or derived from proceeds traceable to Defendant's mail fraud. Section 2461 provides for the criminal forfeiture of any property that may be forfeited civilly. Section 981(a)(1)(C) provides for civil forfeiture of any property constituting or derived from proceeds traceable to "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7) (2012). In turn, § 1956(c)(7) includes any offense listed in 18 U.S.C. § 1961(1) (2012) among the offenses constituting "specified unlawful activity." And, finally, mail fraud is one of the offenses listed in § 1961.

ostensibly to support attendance in those courses (plus related living expenses), and then spent the financial aid money on expenses unrelated to education. Defendant Carmen Sanchez has pleaded guilty to this offense, and the parties agree that $24,978.95 in proceeds were obtained by Defendant Carmen Sanchez though the commission of the offense in Count 1. Accordingly, a forfeiture money judgment in the amount of $24,978.95 should be entered against Defendant Carmen Sanchez pursuant to §§ 981(a)(1)(C) and 2461.

WHEREFORE, the United States moves this Court to enter the preliminary order of forfeiture for a personal money judgement tendered herewith.

Respectfully submitted this 11th day of April, 2019.

*Jason R. Dunn*
U.S. Attorney


s/ Daniel E. Burrows
*Daniel E. Burrows*
1801 California St.
Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
FAX: (303) 454-0400
E-mail: daniel.burrows@usdoj.gov
Special Assistant U.S. Attorney