IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 18-cr-00839-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CARMEN SANCHEZ,

        Defendant.

## MOTION FOR A DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. § 5H1.6

The defendant, Ms. Carmen Sanchez, by and through undersigned counsel, Natalie Stricklin, moves this Court to grant a downward departure pursuant to U.S.S.G. § 5H1.6:

U.S.S.G. § 5H1.6 provides that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted."

The commentary to this provision clarifies that "in determining whether a departure is warranted under this policy statement, the court shall consider the following non-exhaustive list of circumstances: (i) the seriousness of the offense; (ii) the involvement in the offense, if any, of the members of the defendant's family; (iii) the danger, if any, to members of the defendant's family as a result of the offense." U.S.S.G. § 5H1.6 , Application note 1(A).

Additionally, a court is directed to consider the presence of the following circumstances:

> "(i) The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family.
> (ii) The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant…."
> (iii) The loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family.
> (iv) The departure effectively will address the loss of caretaking or financial support."

U.S.S.G. § 5H1.6, Application note 1(B).

Although ordinarily not relevant, Ms. Sanchez's responsibilities as the caretaker for her 93-year-old mother, Ester Sanchez, are to such a degree that the Court should grant a departure.

Relevant to the seriousness of the offense, Ms. Sanchez notes that this offense was financial in nature, the amount of loss resulting from Ms. Sanchez's conduct is relatively low, she will have approximately one-third of restitution paid off at sentencing, and the only harm resulting was financial loss to the Department of Education, Community College of Denver, and State of Colorado. Further, although some of her family members were involved in the offense generally, each individual acted independently and no family member was in danger as a result of this offense.

More significant is that if Ms. Sanchez were sentenced to a term of imprisonment, as recommended by the guideline calculation, a substantial, direct, and specific loss of essential caretaking of Ester Sanchez will result. Ms. Sanchez is Ester Sanchez's full time caretaker. Ms. Ester Sanchez has been diagnosed with congestive heart failure, macular degeneration, and hearing loss. Ms. Sanchez is essentially

Ester's eyes and ears each and every day. Ms. Sanchez prepares all of her mother's meals, assists in her bathing, and assists Ester Sanchez with all of her day-to-day activities. Ms. Sanchez has to help her mother go up and down the stairs at the house where they are living. Ms. Sanchez also schedules, pays for, and takes her mother to all of her doctors' appointments. When Ester Sanchez was hospitalized at one point during the pendency of this case, Ms. Sanchez stayed at the hospital with her the entire time. Ms. Sanchez makes sure her mother takes her medications and that her pacemaker is routinely checked.

The loss of caretaking to Ester Sanchez substantially exceeds the harm ordinarily incident to incarceration and there is no effective replacement for Ms. Sanchez's caretaking function. Ms. Sanchez has received the proper training and been approved to receive a small income as Ester Sanchez's caretaker. Ms. Sanchez is the only family member who has the authority to handle all of Ester Sanchez's legal and medical needs. As confirmed by Stephanie Cordova, the family has no back up plan for Ester Sanchez's care if Ms. Sanchez were to be imprisoned. Other family members do not have the means or ability to care for Ester Sanchez. The family does not have the resources to place Ester Sanchez in an assisted living facility.

Last, a departure from the guideline range and to a sentence of probation will address the loss of caretaking as conditions can be ordered so that Ms. Sanchez can continue providing care for her mother while serving her sentence.

        Respectfully submitted,

        VIRGINIA L. GRADY
        Federal Public Defender


        s/Natalie Stricklin
        NATALIE STRICKLIN
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        natalie.stricklin@fd.org
        Attorney for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2019, I electronically filed the foregoing **MOTION FOR A DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. § 5H1.6** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Daniel E. Burrows, Assistant United States Attorney
Email:  daniel.burrows@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Carmen Sanchez    (*via U.S. mail*)

        s/Natalie Stricklin
        NATALIE STRICKLIN
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        natalie.stricklin@fd.org
        Attorney for Defendant